# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRUCE R. SINYARD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NANCY A. BERRYHILL, )<br>Acting Commissioner of the Social )<br>Security Administration,[1] )<br>)<br>Defendant. ) | Case No. CIV-16-212-JHP-SPS |

## REPORT AND RECOMMENDATION

The claimant Bruce R. Sinyard requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). The claimant appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. As discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Berryhill is substituted for Carolyn Colvin as the Defendant in this action.

severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799,

---

[2] Step One requires the claimant to establish that he is not engaged in substantial gainful activity. Step Two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on June 23, 1971, and was forty-three years old at the time of the administrative hearing (Tr. 28). He completed the twelfth grade and one semester of college, and has worked as an appliance assembler, mold changer, and order filler (Tr. 18, 29, 191). The claimant alleges he has been unable to work since December 1, 2008, due to a bulging disc in his back, numbness in the left arm and left leg, and pain in his right leg (Tr. 190).

## Procedural History

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, on November 1, 2012, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on July 26, 2013. His applications were denied. ALJ Doug Gabbard, II, conducted an administrative hearing and found that the claimant was not disabled in a written opinion dated December 8, 2014 (Tr. 8-19). The Appeals Council denied review, so the ALJ's written opinion is the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He found the claimant retained the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. §§ 404.1567(c), 416.967(c), *i. e.*, he is able to lift/carry fifty pounds occasionally and twenty-five pounds frequently, and stand/walk and sit six hours in an eight-hour workday, except that the ALJ limited the claimant to work that requires understanding, remembering, and carrying out some detailed skills, but does not require doing more complex work duties, and where interpersonal contact with supervisors and co-workers is on a superficial work basis. He further found that the claimant could attend and concentrate for extended periods, but must have regular work breaks, he could not work at fast-paced production line speeds, and he should have few, if any, workplace changes, as well as only occasional contact with the general public (Tr. 14). The ALJ then concluded that the claimant could return to his past relevant work as an appliance assembler, mold changer, and order filler (Tr. 18).

### Review

The claimant alleges that the ALJ erred with regard to: (i) assessing his RFC, and (ii) assessing his credibility. The undersigned Magistrate Judge agrees that the ALJ erred at step four, and the Commissioner's decision should therefore be reversed.

The ALJ determined that the claimant had the severe impairments of degenerative disc disease, affective disorder, and anxiety disorder, as well as the nonsevere impairment of obesity (Tr. 10-11). Medical records related to the claimant's physical impairments reflect that the claimant injured his back in 2004 and underwent left L4-5 and L5-S1

laminotomy, discectomies, and foraminotomies (Tr. 266). The claimant did well following surgery, but his surgeon noted that the claimant's job included repetitive bending at the waist, which was "the least desirable type of activity for a person with a brand new herniated disc just beginning to heal up" (Tr. 268). On April 26, 2004, his surgeon stated that he had reached maximum medical improvement with permanent restrictions including a limitation to ten pounds frequently, ten to twenty pounds rarely, and above twenty pounds never (Tr. 269). Additionally, he stated that the claimant could sit for no more than one hour without breaks and walk continuously for no more than ten minutes, and that there was no bending, stooping, crawling, kneeling, squatting, and "so forth" allowed (Tr. 269).

An MRI of the lumbar spine on November 20, 2009 noted the former laminectomy and noted that there was a decrease in the disc herniation at L4-5, which appeared mild and shallow, and that there was a slight epidural enhancement at the L4-5, which was consistent with granulation tissue (Tr. 288). Additionally, the MRI revealed L5-S1 diffuse disc bulge with superimposed left paracentral disc protrusion contacting and displacing the left transiting S1 nerve root, along with neural foraminal narrowing (Tr. 288). The L5-S1 disc protrusion had also decreased, and there was no spinal stenosis (Tr. 288).

On April 13, 2013, Dr. William Cooper, D.O., conducted a physical exam of the claimant (Tr. 292). The claimant reported a history of radiating back pain and daily pain (Tr. 292). On exam, Dr. Cooper found the claimant's cervical spine and thoracic spine were non-tender, but that the lumbar-sacral spine was tender to palpation bilaterally with

limited range of motion associated with pain (Tr. 294-295). The claimant did, however, have 5/5 grip strength, normal gait, and heel/toe walking within normal limits (Tr. 294).

State reviewing physicians reviewed the evidence and determined that the claimant had the physical RFC to perform the full range of medium work (Tr. 62-65, 79-80, 94-95).

In his written opinion, the ALJ summarized the claimant's hearing testimony, as well as much of the medical evidence in the record. As to the claimant's physical impairments, the ALJ stated that the medical findings did not support the existence of limitations greater than the medium RFC (Tr. 16). He summarized the 2009 MRI findings, as well as Dr. Cooper's[3] consultative physical exam findings, but made no analysis of these findings in relation to the claimant's RFC, and further made no mention of the surgeon's records from 2004-2006, much less provided any analysis of his opinion (Tr. 16). The ALJ further found the claimant not credible, and ultimately determined he was not disabled (Tr. 15-18).

Medical opinions from a treating physician are entitled to controlling weight if they are "'well-supported by medically acceptable clinical and laboratory diagnostic techniques . . . [and] consistent with other substantial evidence in the record.'" *See Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004), *quoting Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). If a treating physician's opinion is not entitled to controlling weight, the ALJ must determine the proper weight to give it by analyzing the

---

[3] The ALJ incorrectly stated that Dr. Traci Carney conducted the physical examination, but correctly recited Dr. Cooper's findings.

factors set forth in 20 C.F.R. §§ 404.1527 and 416.927. *Id.* at 1119 ("Even if a treating physician's opinion is not entitled to controlling weight, '[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [§§ 404.1527 and 416.927].'"), *quoting Watkins*, 350 F.3d at 1300. Those factors are: (i) the length of the treatment relationship and the frequency of examination; (ii) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Watkins,* 350 F.3d at 1300-1301, *citing Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001) [quotation omitted]. Finally, if the ALJ decides to reject a treating physician's opinions entirely, "he must . . . give specific, legitimate reasons for doing so[,]" *id.* at 1301 [quotation marks omitted; citation omitted], so it is "clear to any subsequent reviewers the weight [he] gave to the treating source's medical opinion and the reasons for that weight." *Id.* at 1300 [quotation omitted].

The ALJ was required to evaluate for controlling weight any opinions as to the claimant's functional limitations expressed by his treating physician. The ALJ's analysis, as described above, falls short in this case. Although the ALJ noted the proper analysis at the outset of step four, he failed to properly apply it when he ignored the evidence in the record from the claimant's surgeon evidencing permanent restrictions. The

Commissioner argues that the examination is not relevant because it was conducted prior to the alleged onset date, but the record clearly indicates permanent restrictions that would carry into and affect the relevant time period. "Evidence relating to a time outside the insured period is only minimally probative, but may be considered to the extent it illuminates a claimant's health before the expiration of his insured status." *Nagle v. Commissioner of Social Security*, 191 F.3d 452, 1999 WL 777355, at *1 (6th Cir. Sept. 21, 1999) [unpublished table opinion]. Nevertheless, the ALJ may not ignore evidence such as this, which clearly indicates an effect on the claimant's ability to perform work during the relevant time period, without explanation. *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."), *citing Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). *See also Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (noting that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."), *citing Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984) ("Th[e] report is uncontradicted and the Secretary's attempt to use only the portions favorable to her position, while ignoring other parts, is improper.") [citations omitted]; *Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001) ("Although the ALJ need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision, especially when that evidence is significantly probative.") [quotation omitted]. This, therefore, was an improper assessment where, as here, the ALJ appeared

to adopt most of the state physician's findings but failed to explain why the claimant's documented reduced range of motion (noted by every treating physician and consultative examiner) and continued back pain nevertheless enabled him to perform medium work, with its attendant total sitting/standing requirements and lift/carry requirements in an eight-hour workday. *Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) (A reviewing court is "'not in a position to draw factual conclusions on behalf of the ALJ.'"), *quoting Prince v. Sullivan*, 933 F.2d 598, 603 (7th Cir. 1991). *See also Hardman*, 362 F.3d at 681 (10th Cir. 2004) (noting that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."), *citing Switzer v. Heckler*, 742 F.2d 382, 385-386 (7th Cir. 1984) ("Th[e] report is uncontradicted and the Secretary's attempt to use only the portions favorable to her position, while ignoring other parts, is improper.") [citations omitted].

The undersigned Magistrate Judge further notes that the Social Security Administration eliminated the term "credibility" in Soc. Sec. Rul. 16-3p, 2016 WL 1119029 (Mar. 16, 2016), and has provided new guidance for evaluating statements pertaining to intensity, persistence, and limiting effects of symptoms in disability claims. "Generally, if an agency makes a policy change during the pendency of a claimant's appeal, the reviewing court should remand for the agency to determine whether the new policy affects its prior decision." *Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007) (*quoting Sloan v. Astrue*, 499 F.3d 883, 889 (8th Cir. 2007).

Because the ALJ refused to discuss probative evidence inconsistent with his RFC determination, the undersigned Magistrate Judge finds he did not properly consider it. Consequently, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further proper analysis of the claimant's RFC in light of *all* the evidence and *all* of the claimant's impairments. If on remand there is any adjustment to the claimant's RFC, the ALJ should re-determine what work, if any, the claimant can perform and ultimately whether she is disabled.

## Conclusion

The undersigned Magistrate Judge finds that correct legal standards were not applied by the ALJ and that the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be REVERSED and the case REMANDED for further proceedings not inconsistent herewith. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 22nd day of August, 2017.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**